UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 05-049 |
| NOLTY KIFF, SR., *ET AL.* | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant Tommy Fletcher's Motion to Disclose the Presentence Investigation Reports of Nolty Kiff, Sr., Johnny J. Krummel, Jr., James N. Rodrigue, Jr., and Colbey D. Rodrigue (Document 274) is hereby **GRANTED IN PART.** Fletcher's Motion to Strike and to Exclude Evidence of State Crimes is **DENIED.**

A.      Motion to Disclose Presentence Investigation Reports ("PSIs").

In *United States v. Huckaby*, 43 F.3d 35 (5th Cir. 1995), the Fifth Circuit recognized a "general presumption that courts will not grant third parties access to the presentence reports of other individuals." *Id.* at 137-38. The court held that "only when a 'compelling, particularized need for disclosure is shown should the district court disclose the report; even then, however, the court should limit disclosure to those portions of the report which are directly relevant to the

1

demonstrated need.'"  *Id.* at 138 (quoting *United States v. Corbitt*, 879 F.2d 224 (7th Cir. 1989)).

Fletcher argues that he needs access to the criminal history sections of the PSIs of Nolty Kiff, Sr., Johnny J. Krummel, Jr., James N. Rodrigue, Jr., and Colbey D. Rodrigue because these individuals may testify for the government at his trial.  Additionally, he argues that the guideline computation in the PSIs should be disclosed for use as possible impeachment.  The court finds that Fletcher's motion is moot as to Nolty Kiff, Sr. and Johnny J. Krummel, Jr. because PSIs have not yet been prepared for these two individuals.  After reviewing the PSIs of James N. Rodrigue, Jr. and Colbey D. Rodrigue *in camera*, the court grants Fletcher's motion for the disclosure of the criminal history sections of those PSI's.  Additionally, because the guidelines range for these defendants was disclosed on March 8, 2006 in open court when they were sentenced, the court grants Fletcher's motion to disclose the Rodrigues' guidelines computations.

**B.     Motion to Strike and to Exclude Evidence of State Crimes.**

The government's Superseding Indictment charges in Count One that Fletcher and others committed the crime of conspiracy under 18 U.S.C. § 371.  Count One charges that Fletcher committed several overt acts in connection with the conspiracy, including (1) stealing $37,000.00 from Southern Scrap Company after burning a telephone box to disable Southern Scrap's alarm system, and (2) breaking into Southern Eagle Distributors after disabling its alarm system.  Fletcher argues that the government should be precluded from referring to these overt acts because they are not federal crimes.  However, conduct that constitutes an overt act for purposes of § 371 can be a state crime if such act furthers the object of the conspiracy.  *United States v.*

*Reiswitz*, 941 F.2d 488, 493 (7th Cir. 1991). Consequently, Fletcher's motion is denied.

New Orleans, Louisiana this 10th day of March, 2006.

_____
**Mary Ann Vial Lemmon**
**United States District Judge**