FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JUL 12 PM 2: 19

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 05-049 |
| TOMMY FLETCHER, *ET AL.* | SECTION: "S" (5) |

## ORDER AND REASONS

**IT IS ORDERED** that defendant Tommy Fletcher's Motion for New Trial (Document 328) is hereby **DENIED**.

**A.   Background.**

Fletcher was indicted for conspiracy under 18 U.S.C. § 371 (Count One), willfully entering rail cars and vehicles with the intent to commit larceny of goods traveling in interstate commerce under 18 U.S.C. § 2117 (Count Five), and taking away goods by theft and fraud from an interstate carrier under 18 U.S.C. § 659 (Count Six). Count One charged that Fletcher conspired with others to commit three federal crimes, namely the substantive crimes charged in Counts Five and Six and arson of property used in interstate commerce under 18 U.S.C. § 844(I).



```
___ Fee_____
_1_ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No_____
```

This arson of property took place in connection with a burglary at the Southern Scrap Yard.

On March 17, 2006, the jury returned a verdict of guilty on Count One and not guilty on Count Five and Count Six. Defendant has moved for a new trial under Rule 33 of the Federal Rules of Criminal Procedure on Count One.

**B.    Analysis.**

    **1.    Sufficiency of the Evidence.**

Under Rule 33 the court "may vacate any judgment and grant a new trial if the interest of justice so requires." In determining a Rule 33 motion:

> [T]the district court must carefully "weigh the evidence and may assess the credibility of the witnesses during its consideration of the motion for new trial," but must not entirely usurp the jury's function, or simply set aside the jury's verdict because it runs counter to the result the district court believed was more appropriate.
>
> Setting aside a jury's guilty verdict in the interests of justice may be appropriate under circumstances where the evidence brought forth at trial may tangentially support a guilty verdict, but in actuality, "preponderates sufficiently heavily against the verdict such that a miscarriage of justice may have occurred." Similarly, while vested with discretion to grant a new trial pursuant to Rule 33 if necessary in accordance with the interests of justice, we have observed that this power should be exercised infrequently by district courts, unless warranted by "exceptional" circumstances.

*United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005).

Defendant argues that there was insufficient evidence to convict him of Count One because (1) he was found innocent on both substantive counts relating to the rail car burglary (Counts Five and Six), and (2) there was no evidence that he was involved in the burglary at the Southern Scrap Yard. The trial testimony of both Johnny J. Krummel and Nolty J. Kiff, Sr. implicated defendant in the Southern Scrap burglary. While the jury chose not to give credit to the testimony of these witnesses as to defendant's participation in the rail car burglaries forming the basis for Counts Five and Six, their testimony provided a sufficient basis for the jury to

convict defendant on Count One.

## 2. Prosecutorial misconduct.

Defendant argues that the Assistant United States Attorney (AUSA) made improper comments about his guilt during closing arguments. The court "must initially decide whether or not the prosecutor made an improper remark. If an improper remark was made, [it] must then evaluate whether the remark affected the substantial rights of the defendant." *United States v. Gallardo-Trapero*, 185 F.3d 307, 320 (5th Cir. 1999), *cert. denied*, 528 U.S. 1127, 120 S.Ct. 961, 145 L.Ed.2d 834 (2000).

Defendant argues that the AUSA's reference to the guilt of codefendants was improper. "[U]nder some circumstances the government might have a legitimate evidentiary reason for bringing out testimony relating to its witnesses' prior convictions, even when those convictions are for charges similar or identical to those upon which the defendant is being charged." *United States v. Delgado*, 401 F.3d 290, 300 (5th Cir. 2005). The AUSA properly introduced the guilty pleas of Johnny J. Krummel and Nolty Kiff, Sr. "during direct examination to avoid the appearance of an intent to conceal,"[1] and reference to those pleas during closing argument was valid. References to the guilty pleas of the remaining codefendants was permissible because Fletcher's own counsel indicated that Fletcher was the sole defendant who had not entered such a plea. The AUSA did not attempt to unduly emphasize Fletcher's codefendants' guilty pleas or argue that those guilty pleas justified finding defendant guilty.

Additionally, during his rebuttal closing argument, the AUSA stated: "We're not here to try and convict innocent people of crimes. We bring evidence to you and ask that you return the

---

[1] *Id.* at 300.

just verdict." In *United States v. Garza*, 608 F.2d 659 (5th Cir. 1979), the court held that it was "improper, even pernicious, for the prosecutor to seek to invoke his personal status as the government's attorney or the sanction of the government itself as a basis for conviction of a criminal defendant." *Id.* at 663. The *Garza* court found that a similar statement to that made by the AUSA was improper. *See id.* at 663 (holding statement that the government "has no interest whatsoever in convicting the wrong person" was improper); *see also Hall v. United States*, 419 F.2d 582, 587 (5th Cir. 1969) (prosecutor's statement to the jury that "We try to prosecute only the guilty" was "not defensible" because it was "an effort to lead the jury to believe that the whole governmental establishment had already determined appellant to be guilty on evidence not before them").

In determining whether the AUSA's comment affected defendant's substantive rights, the court must consider "(1) the magnitude of the statement's prejudice, (2) the effect of any cautionary instructions given, and (3) the strength of the evidence of the defendant's guilt." *Gallardo-Trapero*, 185 F.3d at 320. The magnitude of a statement's prejudice "is tested by looking at the prosecutor's remarks in the context of the trial in which they were made and attempting to elucidate their intended effect." *Id.*

The court finds that the AUSA's comments did not affect defendant's substantive rights. In context, the magnitude of the AUSA's improper comment was militated by his immediate admonition that it was for the jury to determine the "just verdict." The comments were made in rebuttal closing arguments after defendant's counsel informed the jury that the government expects to win every case it brings. The court's instructions to the jury specifically instructed it that:

4

>The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel do not constitute evidence but are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence upon which those arguments rest. What the lawyers say or do is not evidence.
>
>*   *   *
>
>An indictment is a written, formal accusation against a defendant charging him with a crime. You are not to consider the indictment as evidence against the defendant. The filing of an indictment creates no inference that the defendant committed a crime.[2]

The court must "presume that such instructions are followed 'unless there is an "overwhelming probability that the jury will be unable to follow the instruction and there is a strong probability that the effect [of the improper statement] is devastating."'" *Gallardo-Trapero*, 185 F.3d at 321. Additionally, as detailed above, the testimony of both Johnny J. Krummel and Nolty J. Kiff, Sr. provided sufficient support for the jury's finding defendant guilty on Count One, and the jury was able to reach a verdict of not guilty on the other counts.

C.   **Conclusion.**

Defendant's motion for a new trial is denied.

New Orleans, Louisiana this __10__ day of July, 2006.

Mary Ann Vial Lemmon
United States District Judge

---

[2] Document 324.